UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

COLE SCHOTZ P.C.
25 Main Street
P. O. Box 800
Hackensack, NJ 07602-0800
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
(201) 489-3000
(201) 489-1536  Facsimile
Attorneys for C. Wonder LLC, *et al.*,
Debtors-in-Possession

In re:

C. WONDER LLC, *et al.*,[1]

                    Debtors-in-Possession.

Case No. 15-11127 (MBK)
(Jointly Administered)

Hearing Date and Time:
February 23, 2015 at 10:00 a.m.

Judge:  Michael B. Kaplan

**ORDER: (A) AUTHORIZING THE DEBTORS TO SELL CERTAIN INVENTORY TO THE MARMAXX GROUP FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (B) WAIVING THE FOURTEEN DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (C) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) and three (3), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases are C. Wonder LLC; C. Wonder Gift Cards Inc.; C. Wonder Transport LLC; CW Holland LLC and CW International Holdings LLC.

(Page 2)
Debtors:            C. WONDER LLC, *et al.*
Case No:            15-11127 (MBK)
Caption of Order:   ORDER: (A) AUTHORIZING THE DEBTORS TO SELL CERTAIN
                    INVENTORY TO THE MARMAXX GROUP FREE AND CLEAR OF
                    LIENS, CLAIMS AND INTERESTS; (B) WAIVING THE FOURTEEN
                    DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (C)
                    GRANTING OTHER RELATED RELIEF

THIS MATTER having been opened to the Court by Cole Schotz P.C., attorneys to C.

Wonder LLC *et al.*, the within debtors and debtors-in-possession (collectively, the "**Debtors**"),

upon motion pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004 for an Order: (a)

authorizing the Debtors to sell certain inventory to the MarMaxx Group ("**MarMaxx**") free and

clear of liens, claims and interests; (b) waiving the fourteen day stay pursuant to Fed. R. Bankr.

P. 6004(h); and (c) granting other related relief (the "**Motion**");[2] and it appearing that good and

sufficient notice of the Motion having been provided to all parties-in-interest as evidenced by the

Affidavit of Service filed with the Court; and the Court having considered all the Motion papers,

the opposition thereto, if any, and the arguments of counsel, if any; and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates and creditors; and other good cause having been shown,

IT IS ORDERED as follows:

1.      Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to sell the Inventory to

MarMaxx.

2.      Pursuant to 11 U.S.C. § 363(f), the Inventory shall be sold and transferred to

MarMaxx free and clear of all liens, claims and interests of any kind or nature whatsoever.

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Verified
Application submitted in support of the Motion.

53628/0001-11502520v1

(Page 3)

| Debtors: | C. WONDER LLC, *et al.* |
|---|---|
| Case No: | 15-11127 (MBK) |
| Caption of Order: | ORDER: (A) AUTHORIZING THE DEBTORS TO SELL CERTAIN INVENTORY TO THE MARMAXX GROUP FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (B) WAIVING THE FOURTEEN DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (C) GRANTING OTHER RELATED RELIEF |

3.      MarMaxx be and hereby is deemed a good faith purchaser within the meaning of

Section 363(m) of the Bankruptcy Code.  The sale transaction contemplated is undertaken by

MarMaxx without collusion and in good faith, as that term is used in Section 363(m) of the

Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the sale shall not affect the validity of the sale, unless such

authorization is stayed pending such appeal.

4.      Pursuant to Bankruptcy Rule 6004(h), this Order shall be effective and

immediately enforceable upon entry.

5.      A true copy of this Order shall be served on all parties-in-interest by regular mail

within seven (7) days hereof.